FILED

2014 Sep-19  PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

TABITHA ANN LAW,                )
                                )
          Plaintiff,            )
                                )
vs.                             )          1:12-cv-2736-LSC
                                )
CAROLYN W. COLVIN,              )
Commissioner of Social Security,)
                                )
Defendant.                      )


MEMORANDUM OF OPINION

I.    Introduction

The plaintiff, Tabitha Ann Law, appeals from the decision of the Commissioner

of the Social Security Administration ("Commissioner") denying her application for

Disability Insurance Benefits ("DIB"). Ms. Law timely pursued and exhausted her

administrative remedies and the decision of the Commissioner is ripe for review

pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Law was forty-four years old at the time of the Administrative Law Judge's

("ALJ's") decision, and she has a GED. (Tr. at 157, 605.) Her past work experiences

include employment as an office manager, collector, administrative assistant, office

clerk, parker, and greenhouse worker. (Tr. at 189.) Ms. Law claims that she became

disabled on February 23, 2007, due to chronic obstructive pulmonary heart disease

("COPD"), emphysema, chronic bronchitis, anxiety, and neck pain from coughing.

(Tr. at 206.)

When evaluating the disability of individuals over the age of eighteen, the

regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§

404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The

first step requires a determination of whether the claimant is "doing substantial

gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the

claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the

Commissioner next considers the effect of all of the physical and mental impairments

combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments

must be severe and must meet the durational requirements before a claimant will be

found to be disabled. *Id.* The decision depends on the medical evidence in the record.

*See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments

are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Otherwise, the analysis continues to step three, which is a determination of whether

the claimant's impairments meet or equal the severity of an impairment listed in 20

C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Law meets the nondisability requirements for a period of disability and DIB and was insured through the date of her decision. (Tr. at 25.) She further determined that Ms. Law has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's *mild* COPD; asthma; and *mild* cervical spine

hypertrophy are considered "severe" based on the requirements set forth in the regulations. (Tr. at 25 (emphasis in original)). However, she found that these impairments, singly or in combination, neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 28.) The ALJ did not find Ms. Law's allegations to be totally credible, and the ALJ determined that she has the following RFC:

> [T]o perform light work as defined in 20 C.F.R. § 404.1567. Specifically, the *full range* of light work involves lifting no more than 20 pounds with frequent lifting or carrying of objects up to 10 pounds, standing or walking up to 6 hours in an 8 hour day, and sitting up to 6 hours in an 8-hour day; with, generally, occasional stooping, some pushing and pulling of arm and/or leg controls, and the gross use of hands to grasp, hold and/or turn objects. I further finds [sic] however, that the full range of light work that can be performed by the claimant is reduced by the following functional limitations: the claimant is limited to no more than frequent balancing, stooping, kneeling, crouching, crawling or climbing of ramps or stairs. She can never climb ladders, ropes or scaffolds. She must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, gasses and poor ventilation; and must avoid all exposure to dangerous machinery or unprotected heights.

(Tr. at 29 (emphasis in original)).

According to the ALJ, Ms. Law is able to perform her past relevant work as an office clerk and collector. (Tr. at 45.) She determined that Plaintiff has past relevant work that "does not require the performance of work-related activities [that are] precluded by [Plaintiff's] residual functional capacity." (*Id.*) The ALJ used the

testimony of an impartial vocational expert ("VE") to reach this finding. The ALJ

concluded her findings by stating that Plaintiff "has not been under a disability, as

defined in the Social Security Act, from February 23, 2007, the amended onset date

of disability and through the date of this decision." (Tr. at 46, Finding no. 7.)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is

a narrow one. The scope of its review is limited to determining (1) whether there is

substantial evidence in the record as a whole to support the findings of the

Commissioner, and (2) whether the correct legal standards were applied. *See*

*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d

1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the

Commissioner with deference, but applies close scrutiny to the legal conclusions. *See*

*Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts,

weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The

substantial evidence standard permits administrative decision makers to act with

considerable latitude, and 'the possibility of drawing two inconsistent conclusions

from the evidence does not prevent an administrative agency's finding from being

supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir.

1986) (Gibson, J., dissenting) (*quoting Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620

(1966)). Indeed, even if this Court finds that the evidence preponderates against the

Commissioner's decision, the Court must affirm if the decision is supported by

substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for

" despite this deferential standard [for review of claims] it is imperative that the Court

scrutinize the record in its entirety to determine the reasonableness of the decision

reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to

apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d

629, 635 (11th Cir. 1984).

III.   Discussion

Ms. Law alleges that the ALJ's decision should be reversed and remanded for

three reasons, one related to the Appeals Council's denial of review and the other two

related to the ALJ's decision. First, she believes that the Appeals Council (" AC" )

failed to consider the entire record, including the new evidence of Plaintiff's anxiety,

and therefore the denial of benefits was not supported by substantial evidence.  (Doc.

7 at Page 13.) Second, Plaintiff contends that the ALJ's finding that her situational

anxiety was not a " severe"  impairment at step two of the sequential evaluation

process was erroneous. (*Id.* at 14.) Third, Plaintiff asserts that the ALJ's RFC

determination was not based on substantial evidence because the ALJ posed an inaccurate and incomplete hypothetical question to the VE. (*Id.* at 15.)

A.     The AC Properly Denied Review

After the ALJ's decision, Plaintiff submitted additional evidence to the AC consisting of notes from Doctor's Med Care of Jacksonville about the Plaintiff's ongoing anxiety difficulties.  (Tr. at 278-81, 501-05, 507-77.)  Plaintiff suggests that considering the additional evidence she submitted to the AC after the ALJ's denial of benefits, the denial of benefits was erroneous.  She contends that the AC failed to review her new evidence adequately, and that its denial of review was in error. Plaintiff does not cite to any specific treatment notes in her brief that should have warranted a different outcome, but merely argues that the additional evidence " notes ongoing difficulties for anxiety for which Klonopin has been prescribed."

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)).  The AC has discretion not to review the ALJ's denial of benefits.  *See* C.F.R. §§ 404.970(b), 416.1470(b).  However, the AC " must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the

weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261; *see also* 20 C.F.R. § 404.970 ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision."). If the AC refuses to consider new evidence submitted by the plaintiff and denies review, its decision is subject to judicial review because it is an error of law. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). When reviewing the AC's denial of review, the Court must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the [Appeals Council] must consider in making its decision whether to review an ALJ's decision." *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998).

In this case, the AC stated that it considered both the reasons Plaintiff disagreed with the ALJ's decision and the additional evidence submitted, but found that none of this information provided a basis for changing the ALJ's decision. (Tr. at 1.) The new evidence submitted to the AC was cumulative. There were already notes submitted to the ALJ that showed the Plaintiff complained of anxiety to her primary care physicians and was proscribed Klonopin. (Tr. at 576, 584, 587, 593, 627, 667.)

Additionally, the evidence submitted to the AC includes one note dated June 2011—after the date of the ALJ's decision—that indicates that Plaintiff should continue Klonopin for her anxiety.  (Tr. at 676.)  The evidence submitted to the AC must be chronologically relevant to the ALJ's decision.  *See Ingram*, 496 F.3d at 1261. The note does not indicate that Plaintiff had disabling mental limitations on or before March 10, 2011, the date of the decision.  Because the new evidence was cumulative and not chronologically relevant, the AC did not err by determining that the evidence did not warrant review.

> B.    The ALJ Correctly Found that Plaintiff's Anxiety was not a Severe Impairment

Plaintiff argues that the ALJ erred in not finding her situational anxiety to be a severe impairment.  At step two, the ALJ must evaluate Plaintiff's medical evidence in the record to determine whether she had a severe impairment(s), which is an impairment that significantly limits his ability to perform basic work activities.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  As noted, if the claimant does not have a severe impairment, the analysis stops, but if the claimant does have a severe impairment or combination of impairments, the analysis proceeds to the third step.

In this case, although the ALJ found Plaintiff's anxiety to be "non-severe" at step two, he found in favor of the plaintiff at that step and determined that she had

severe impairments: asthma; mild COPD; and mild cervical spine facet hypertrophy.

The specific impairments listed in the step two finding do not affect the outcome of

the case.   This is because the Commissioner is obligated to continue with the

remaining steps in the sequential evaluation process after finding at least one severe

impairment.   Thus, the Commissioner's designation of a claimant's other

impairments as "severe" or "non-severe" is of little consequence since all of these

impairments must be considered in combination in the RFC determination. "Nothing

requires that the ALJ must identify, at step two, all of the impairments that should be

considered severe. Instead, at step three, the ALJ is required to demonstrate that it has

considered all of the claimant's impairments, whether severe or not, in combination."

*Heathy v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-825 (11th Cir. 2010). "Even if

the ALJ erred in not indicating whether [a condition] was a severe impairment, the

error was harmless because the ALJ concluded that [the claimant] had a severe

impairment: and that finding is all that step two requires." *Id.* at 825; *see also Diorio*

*v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1991) (applying the harmless error doctrine to

social security cases); *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("the

finding of any severe impairment. . . whether or not it results from a single severe

impairment or a combination of impairments that together qualify as severe" is

Page 10 of  18

enough to satisfy step two).  Once one severe impairment is found, the essential question is the extent to which Plaintiff's impairments limited his ability to work during the relevant period. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).  Thus, Plaintiff's attempt to show that the medical evidence demonstrates that her anxiety is "severe" under the regulations is misplaced, as any error in not finding anxiety "severe" was harmless.

Even assuming that it would be possible for the ALJ to commit error at step two after having found at least one severe impairment, Plaintiff still bears the burden of showing why each of her impairments should have been considered severe. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  As stated in the regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).  An impairment must be severe for at least twelve consecutive months to satisfy step two.    *See* 20 C.F.R. §§ 404.1505(a), 404.1509, 404.1529(a)(4)(ii).  Plaintiff failed to show that her anxiety significantly limited her ability to do basic work activities during the relevant period. The mere diagnosis of impairments "does not reveal the extent to which they limit [his] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d

1208, 1213 n.6 (11th Cir. 2005).  The medical records provided by Plaintiff do not include objective findings or other evidence establishing that her anxiety affected her ability to work, particularly for any consecutive twelve month period.  As noted by the ALJ, while Plaintiff reported anxiety to her primary care physicians and was prescribed Klonopin, she never sought any professional mental health treatment, a fact that undermines her complaints. (Tr. at 567, 584, 587, 593, 627, 606, 667). *See* 20 C.F.R. §404.1529(c)(3)(v); *Watson v. Heckler*, 738 F.2d 1169, 1173 (11th Cir. 1984). The ALJ also noted that while the record revealed that Plaintiff had historically complained of having panic attacks only when she experienced breathing difficulties, at her hearing she testified for the first time that she experienced panic attacks that were not limited to episodes of shortness of breath.  (Tr. at 66-67.)  She further testified that she has experienced 3 to 4 panic attacks per week since 2005 (i.e., over 1000 such panic attacks).  (*Id.*) Since her claim was entirely at odds with the objective medical evidence, the ALJ determined that Plaintiff had a tendency to exaggerate the severity and persistence of her alleged symptoms, a credibility finding that Plaintiff does not challenge on appeal.

Additionally, and as discussed by the ALJ, due to the lack of a supporting psychological record, the ALJ had Plaintiff examined in December 2009 by Dana K.

Davis, Ph.D., a psychological consultative examiner. (Tr. at 40-41, 605-607). Plaintiff

reported to Dr. Davis that her anxiety tends to occur when she has difficulty breathing

from her respiratory complaints. (Tr. at 606). She reported that once she can manage

her breathing more effectively, the anxiety reduces and she can go back to her normal

activities. (Tr. at 40, 606). Plaintiff reported being independent in all of her activities

of daily living, including driving, taking care of her home, cooking, caring for her child,

reading, and playing the piano. (Tr. at 40, 606). As discussed by the ALJ, other than

an observation of a mildly dysphoric mood, Dr. Davis noted that Plaintiff's mental

status examination was completely normal. (Tr. at 41, 607). The ALJ also noted that

Dr. Davis opined, based solely on Plaintiff's own reports, that Plaintiff was having

moderate to severe anxiety attacks associated with her breathing difficulties. (Tr. at

41, 607). The ALJ explained, however, that the medical evidence does not support

Plaintiff's complaints of anxiety and/or panic attacks. (Tr. at 41). When a claimant

attempts to establish disability based on her subjective complaints, she must provide

evidence of an underlying medical condition and either objective medical evidence

confirming the severity of her alleged symptoms or that the medical condition could

be reasonably expected to give rise to her alleged symptoms. *See* 20 C.F.R. §

404.1529(a), (b); SSR 96-7p. The ALJ properly found that Plaintiff failed to do so

here. (Tr. at 32-33).

The ALJ's finding that Plaintiff's anxiety was not a severe impairment is also supported by the opinion of Robert Estock, M.D., a state agency psychological consultant. (Tr. at 41, 610-22). State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. See 20 C.F.R. § 404.1527(e)(2)(I); SSR 96-6p.  In December 2009, Dr. Estock reviewed the evidence available at that time, including Dr. Davis' report, and opined that Plaintiff did not have a severe mental impairment. (Tr. at 610-22). The ALJ gave Dr. Estock's opinion significant weight because it was consistent with the other medical evidence of record. (Tr. at 41).

In sum, insofar as Plaintiff contends that the ALJ erred in not considering her situational anxiety severe at step two, any error is harmless because the ALJ found in Plaintiff's favor at step two and continued the sequential evaluation.  In any event, Plaintiff has not demonstrated that the objective medical evidence supports that she has "severe" situational anxiety, i.e., an impairment that substantially limits her ability to perform work activities for a consecutive year.

C.      The ALJ Posed a Complete Hypothetical Question to the VE

Plaintiff contends that the ALJ's RFC determination was not based on substantial evidence because the testimony of the VE was based on an incomplete hypothetical question.  (Doc. 7 at Page 15.)  Specifically, she claims that the ALJ's hypothetical to the VE should have included the following impairments: "only occasional use of fine manipulation skills in her dominant hand due to cervical neuropathy and/or the side effects of jitteriness from her breathing medication" as well as "marked deficiency in memory, concentration, persistence, and pace due to drowsiness from narcotic and some non-narcotic medications."  (Doc. 7 at Page 15.)

In order for a VE's answer to satisfy the substantial evidence standard, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  Importantly, however, an ALJ is not required to include symptoms that she has properly rejected because they lack support in the record. *Ingram*, 496 F.3d at 1270 ("The hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant. The characteristics the administrative law judge omitted are among those that [the claimant] alleged to suffer but were either not supported by her medical records or were alleviated by medication."); *see also Pritchett v. Comm'r of Soc. Sec.*, 315 F. App'x 806, 813 (11th Cir. 2009) ("Though the question did not reference . . .

pain, the ALJ was not required to include this alleged impairment, because the ALJ

did not find that it constituted a severe impairment for disability purposes.").

As the above authority demonstrates, if the ALJ properly discredits a plaintiff's

symptoms as not supported by the record, then she is not required to raise them in her

hypothetical question to the VE. *See also Gallina v. Comm'r of Soc. Sec.*, 202 F. App'x

387, 389 (11th Cir. 2006). Here, the record does not support Plaintiff's claim that she

has occasional use of fine manipulation skills in her dominant hand due to cervical

neuropathy, side effects of jitteriness from her breathing medication, and marked

deficiency in memory, concentration, persistence, and pace due to drowsiness from

medications. Although Plaintiff complained at her hearing of numbness in her arm

and hand from a neck problem, the ALJ noted that Dr. Allen, a family physician, began

treating her for neck pain after she fell in 2009 and she never reported arm or hand

numbness. (Tr. at 37-38.) Additionally, although Plaintiff complained at the hearing

that her Flexeril and Albuterol made her jittery and/or drowsy, a review of the medical

evidence, including more than 40 visits to treating sources since January 13, 2006,

does not disclose a single instance on which the plaintiff reported any side effects

related to those medications. Plaintiff did complain to Dr. Urbina, a pulmonologist,

that it was her belief that Advair was making her breathing symptoms worse. (Tr. at

512, 517.) Prior to this complaint, Dr. Urbina's treatment notes showed that pulmonary function tests showed that Plaintiff had made a "100% improvement with Advair." (Tr. at 512.) After Plaintiff complained, she never returned to Dr. Urbina for further treatment. Plaintiff then presented to Dr. Allen as a new patient, and he discontinued the Advair and prescribed Singulair and Symbicort. (Tr. at 589-90.) Plaintiff returned four days later, claiming that the Singular and Symbicort caused "worsening breathing, smothering, morning coughing, a nose bleed, and fever." (Tr. at 590.) However, her physical exam was completely normal with lungs noted to be clear. (*Id.*) The doctor appeared to discredit her complaints, as he noted her "perceived intolerance" to those medications. (*Id.*) There is no mentation of any other medication side effects anywhere in the record. Due to these discrepancies between Plaintiff's testimony and the objective medical evidence in the record, the ALJ found that Plaintiff was not entirely credible, and as noted, Plaintiff has not challenged this finding on appeal.

In sum, since the medical evidence did not support the additional functional limitations Plaintiff argues the ALJ was required to include, the ALJ did not propose an incomplete hypothetical to the VE.

IV. Conclusion

Upon review of the administrative record, and considering all of Ms. Law's

arguments, the Court finds the Commissioner's decision is supported by substantial

evidence and in accord with the applicable law. A separate order will be entered.

Done this 19th day of September 2014.

L. Scott Coogler
United States District Judge
[160704]